**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2680-WJM-MEH

ALFONSO A. CARRILLO,
JANET PINA,
SERGIO HERNANDEZ,
GONZALO PEREZ,
ESTELA PEREZ,
GERMAN JASSO BRUNO,
JULIO ARREGUIN,
RAQUEL BARRIENTOS,
JORGE RAMIREZ,
MIGUEL ANGEL CAMPOS,

    Plaintiffs,

v.

RICHARD A. WIELAND, United States Trustee for the District of Colorado, in his official and individual capacities,
JARROD MARTIN, Deputy United States Trustee for the District of Colorado in his official and individual capacities,

    Defendants.

---

**ORDER DISMISSING CASE *SUA SPONTE* FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF COULD BE GRANTED**

---

On October 10, 2012, Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated their constitutional rights as well as two federal statutes. (ECF No. 1.) Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the

reasons set forth below, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief could be granted and that amendment would be futile.

Plaintiff has sued Defendants in both their official and personal capacities. Claims brought against a governmental officer in his official capacity are essentially claims brought against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As Defendants are Trustees for the United States Bankruptcy Courts, Plaintiffs' official capacity claims are essentially brought against the United States. As such, these claims are barred by the doctrine of sovereign immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989).

With respect to the claims against Defendants in their personal capacities, Plaintiffs allege that the manner in which Defendants performed their duties as Trustees for the United States Bankruptcy Court violated Plaintiffs' constitutional rights. (*Id*. at 6.) The Court finds that these claims are barred by the doctrine of judicial immunity. Judges enjoy absolute immunity from civil liability for judicial acts, unless such action is in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). This immunity is not limited solely to judges; "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved." *Henricksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981). "[A]bsolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'"

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987); *see also Forrester v. White*, 484 U.S. 219 (1988).

Judicial immunity has been specifically extended to apply to trustees in bankruptcy proceedings. *Gregory v. U.S. Bankr. Ct.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (bankruptcy trustee entitled to absolute judicial immunity); *see also Gross v. Rell*, __ F.3d __, 2012 WL 4353145, *5 (2d Cir. Sept. 25, 2012); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 7 (1st Cir. 1999); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981). Plaintiffs do not allege that Defendants acted outside of their statutory authority or were not otherwise under the supervision of the bankruptcy court when the events at issue in this case occurred. (*See* ECF No. 1.) Accordingly, the Court finds that Defendants are entitled to immunity from Plaintiffs' claims in this case and Plaintiffs' claims must be dismissed.[1] *See Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) (judicial immunity bars claim for injunctive relief). Additionally, because Plaintiffs' claims are barred by judicial immunity, the Court finds that amendment of the Complaint would be futile.

---

[1] The Court notes that Plaintiffs here seek only injunctive relief, and traditionally judicial immunity did not bar claims for injunctive relief. *See Schepp v. Fremont County*, 900 F.2d 1448 (10th Cir. 1990) (judges are not "shielded by absolute immunity from declaratory or injunctive relief"). However, in 1996, Congress amended 42 U.S.C. § 1983 to disallow injunctive relief against judges "unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 2847, 2853 (codified as amended at 42 U.S.C. § 1983 (2000). Plaintiffs do not allege that any declaratory decree was involved with this case or that declaratory relief was unavailable. Thus, even Plaintiffs' claims for injunctive relief are barred by judicial immunity.

For the reasons set forth above, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief could be granted.  Accordingly, Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.  The Clerk shall close the case.

Dated this 15th day of October, 2012.

BY THE COURT:

William J. Martinez
United States District Judge